■ SALVATORE MUSOLINO, Respondent, v AMERICAN CONSUMER INSURANCE Co., Appellant.—In a proceeding to confirm an arbitration award, defendant appeals from a judgment of the Supreme Court, Kings County, dated May 23, 1975, which confirmed the award. Judgment affirmed, with costs. The record amply supports the arbitration award made under the no-fault provisions of the Insurance Law (see Insurance Law, § 671 *et seq.).* We note that appeals such as this are unnecessary and defeat the acknowledged purposes of the statute, which are to promptly compensate automobile accident victims for their economic losses, without regard to fault, and to eliminate most automobile negligence suits, thereby freeing the courts for other business. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.

■ CHESTER OLECHNA et al., Respondents, v TOWN OF SMITHTOWN et al., Defendants, and RIMLAND & DAVIDOW, Appellant.—In an action *inter alia* to enjoin defendants from destroying plaintiffs' means of ingress to and egress from their property, defendants Rimland and Davidow appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated May 5, 1975, as enjoined them from (1) interfering with plaintiffs' deeded right of way and (2) using the said "right of way for any parking which interferes with plaintiffs' access over" said right of way. Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiffs, having established a threat of total elimination of their deeded right of way by virtue of a building permit issued on March 4, 1974 to appellants, as owner and contractor, were entitled to a preliminary injunction against them. Insofar as the injunction extends to the assignees of appellants, objections thereto can properly be raised only by the assignees themselves and, therefore, our sole inquiry is concerned with the propriety of the order insofar as it relates to the appellants themselves. While it is true that an undertaking should have been required (see CPLR 6312, subd [b]), the absence thereof only renders the injunction voidable. Appellants may apply for an undertaking or may move to vacate the injunction. However, Special Term may order that the required undertaking be filed *nunc pro tunc* in order to preserve the injunction (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.20). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.