Robert J. Sise, J.
This is a motion brought by defendant, Lurie Agency, Inc. (hereinafter referred to as Lurie) to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). The complaint seeks a declaratory judgment determining that coverage existed under the terms of a policy issued by defendant American Motorists Insurance Company (hereinafter referred to as American) on the date of the accident described therein. In the alternative plaintiff requests that defendant, Lurie, be declared liable to indemnify and defend in place of American.
Defendant Lurie admits there is a justiciable controversy concerning the question of coverage on the date of the accident, but claims that this issue must be settled through *116 arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. That section states as follows: "2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to binding arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent”. (Emphasis added.)
Defendant seeks an interpretation of this statute which would eliminate the claimant’s option and mandate binding arbitration. The cases cited by defendant in support of this position all involved an application to stay arbitration (Matter of Empire Mut. Ins. Co. [Faulkner], 52 AD2d 668; Banner Cas. Co. v Fox, 86 Misc 2d 772 Matter of Allstate Ins. Co. [Ryan] NYLJ, May 25, 1976, p 9, col 5). The court in each of these cases discussed the preference given arbitration with respect to threshold questions concerning insurance coverage under the no-fault Insurance Law. However, this rationale was used in each instance to uphold a claimant’s right to submit these matters to arbitration and in no way suggested that plaintiff was precluded from seeking relief in the courts.
A declaratory judgment has always been deemed appropriate to determine coverage under insurance contracts when issues of fact existed which could be adjudicated prior to the principal action (24 Carmody-Wait 2d, NY Prac, § 147:21). The policy in this State is to permit the action when the dispute is such that it depends on matters outside of the negligence action or which will not arise as part of the lawsuit (Allstate Ins. Co. v Szego, 38 AD2d 736). Applying this policy the courts in several instances have declared that a claimant was entitled to insurance coverage under conditions similar to those in this proceeding (see Orsini v Nationwide Mut. Ins. Co., 35 AD2d 238; Capra v Lumbermans Mut. Cas. Co., 43 AD2d 986).
The court agrees with defendant that subdivision 2 of section 675 of the Insurance Law was enacted to provide arbitration as a swift method of resolving disputes. However, the Legislature provided this method as one alternative available to claimants. The court may not, as defendant suggests, reject the word "option” in the statute as being superfluous when its meaning is clear and unambiguous (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 76, 231). As a claimant’s access to arbitration under this provision is broad and uncluttered (Banner Cas. Co. v Fox, supra, p 773), so too his access to the courts is unimpeded.
*117 Defendant’s motion is denied.