■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v ALEXANDER KOZLOWSKI, Appellant.—In a proceeding to stay

arbitration of a claim under the Comprehensive Automobile Insurance Act ("No Fault"), the claimant appeals from a judgment of the Supreme Court, Nassau County, dated July 20, 1977, which granted the application. Judgment affirmed, without costs or disbursements. The claimant-appellant, on February 25, 1977, pursuant to subdivision 2 of section 675 of the Insurance Law, initiated this most recent in a series of arbitration proceedings by sending a demand for arbitration to the American Arbitration Association (A.A.A.). This informal procedure for initiating arbitration under "No Fault" is authorized by a regulation of the Superintendent of Insurance, promulgated pursuant to the Insurance Law, and is contained in 11 NYCRR 65.7 (a). The A.A.A., on March 15, 1977, sent a letter informing both parties that an arbitration hearing would be held. The petitioner, however, on May 6, 1977, applied for a stay of arbitration. Claimant, in opposition, contended that under CPLR 7503 (subd [c]), petitioner was precluded from objecting to arbitration because it had failed to apply for a stay within 20 days of receipt of the notice from the A.A.A. stating that arbitration had been requested. CPLR 7503 provides a mechanism whereby a party demanding arbitration may limit the opposing party's right to object to arbitration. Under that statute, a party may serve a notice of intention to arbitrate, or a demand for arbitration, specifying, *inter alia:* (1) the agreement pursuant to which arbitration is sought; (2) the name and address of the party serving the notice; and (3) a caveat, stating that unless the party served applies to stay the arbitration within 20 days after service, he shall be precluded from objecting that a valid agreement has not been made and complied with, and from asserting the bar of a limitation of time. Thus, the statute mandates that to preclude the opposing party the notice or demand must contain specific information. If the notice fails to comply, there can be no preclusion under CPLR 7503 (subd [c]) *(Sleepy Hollow Dev. & Community Improvement Housing Dev. Fund Co. v De Angelis,* 51 AD2d 267). Here, the notice sent by the A.A.A. pursuant to the regulation did not comply. The regulation, 11 NYCRR 65.7 (a), although promulgated pursuant to the Insurance Law, does not conform to the requirements of CPLR 7503 (subd [c]). Consequently, although claimant may have properly requested arbitration, he cannot invoke the preclusion authorized by CPLR 7503 (subd [c]). Although the Superintendent of Insurance may amend his regulations to conform to the requirements of CPLR 7503 (subd [c]), he has not done so to date; consequently, the informal procedure prescribed does not and cannot bar an application to stay arbitration under the CPLR. Upon considering the merits of the petition to stay arbitration, claimant cannot again raise the claim of neurological disability because he has done so in at least one prior arbitration proceeding in which he sought reimbursement for occupational expenses. The arbitrator there held that claimant had failed to sustain his burden of establishing that he was totally disabled from resuming his former employment. The doctrine of *res judicata* applies to arbitration proceedings; hence, claimant is bound by the prior determination holding that he was not so disabled. (See *Rembrandt Ind. v Hodges Int.,* 38 NY2d 502.) Hopkins, J. P., Suozzi, Margett and Hawkins, JJ., concur.