■　JEAN MARANGIELLO et al., Appellants, v RHODA KAMAK et al., Defendants, and COMMERCIAL UNION ASSURANCE Co., Respondent.—In a negligence action to recover damages for personal injuries, etc., in which the fourth cause of action, against Commercial Union Assurance Company, seeks a declaration that the insurer is required to pay necessary first-party medical expenses, hospital bills and lost wages to plaintiff Jean Marangiello, plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated October 28, 1977, which granted the insurer's motion to dismiss the complaint as against it for failure to state a cause of action. Order reversed, with $50 costs and disbursements, motion to dismiss denied, and fourth cause of action reinstated. After defendant Commercial Union paid certain expenses and lost wages pursuant to its policy with the plaintiffs under the Comprehensive Insurance Reparations Act (the no-fault law), the insurer notified plaintiffs that it would provide no further first-party benefits. Plaintiffs sought a declaration that the insurer was obligated to pay if plaintiff Jean Marangiello in fact required further medical attention as a result of the automobile accident. The insurer moved to dismiss the com-

plaint as against it on the ground that subdivision 2 of section 675 of the Insurance Law requires that any dispute over no-fault benefits must be submitted to binding arbitration. Subdivision 2 of section 675 provides "a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to arbitration". The statutory language is clear and unambiguous in providing a claimant with an option. Arbitration is thus optional, not mandatory, under the statute. (*Chapman v American Motorists Ins. Co.*, 88 Misc 2d 115; *Zurich Ins. Co. v Evans*, 89 Misc 2d 717, 720.) *Matter of Nassau Ins. Co. v McMorris* (41 NY2d 701) is not to the contrary. What the court there stated (p 703), insofar as it is relevant to this appeal, is that a policy obligates an insurer to proceed to arbitration "if the claimant so elects." In this case, plaintiffs have elected to litigate, not arbitrate, the medical claim in dispute. Latham, J. P., Damiani, Margett and Hawkins, JJ., concur.