Ambrose SLAVIN and Rose
Fisher, Plaintiffs,

v.

John A. BENSON, Jr., Amario C. Andre,
Camel Transportation Co., Defendants.

No. 77 CIV 3574 (LBS).

United States District Court,
S. D. New York.

Feb. 13, 1980.

Diamond, Rutman & Costello, Prosper K. Parkerton, New York City, Paul D. Rheingold, New York City, for plaintiffs.

Newman, O'Malley & Epstein, Patrick T. O'Malley, New York City, for defendants.

SAND, District Judge.

Plaintiffs are Massachusetts residents who bring this action under the New York Comprehensive Automobile Insurance Reparations Act, N.Y.Ins. Law § 670 et seq. (McKinney) (the "No Fault" law), seeking compensation for injuries and special damages totaling $600,000 which they claim resulted from an automobile collision. The defendants are Amario C. Andre, the driver of the taxicab in which plaintiffs were passengers, Camel Transportation Co. ("Camel"), the owner of the taxi, and John A. Benson, the owner and operator of the taxi which collided with the taxi driven by Andre.

During the pendency of this action, plaintiffs submitted a claim against Camel to arbitration under the No Fault law. N.Y. Ins. Law § 675 (McKinney). The other defendants in this action were not parties to the arbitration proceeding. In a very brief opinion, the arbitrator awarded Ambrose Slavin lost wages for the period of his hospitalization but found that Mr. Slavin's disability was not caused by the accident. Defendants now seek leave to amend their answers pursuant to F.R.Civ.P. 15(a) so that they may assert the affirmative defense of collateral estoppel. They argue that the arbitrator's opinion is final and conclusive as to the issue of whether Slavin's disability arose from the accident. Plaintiffs oppose defendants' motion and argue that giving collateral estoppel effect to No Fault arbitration awards would discourage arbitration and defeat the purpose of the No Fault law.

For the reasons stated herein, defendants' motion for leave to amend the pleadings is granted.

*Amendment of the Pleadings under Rule 15(a)*

Rule 15(a) provides that when a party seeks leave to amend the pleadings, "leave shall be freely [granted] when justice so requires". In practice, courts have freely granted leave to amend unless the proposed change is clearly frivolous or advances a claim or defense that is clearly meritless. *See Johnson v. Partrederiet Brovigtank*, 202 F.Supp. 859 (S.D.N.Y.1962). The question then is whether there is any possible merit to defendants' proposed collateral estoppel defense.

*The Defense of Collateral Estoppel*

Under the doctrine of collateral estoppel, "certain questions actually litigat-

ed and determined in one action are precluded from relitigation in a later action when the issues arise anew, even in a suit on a different cause of action." Rosenberg, *Collateral Estoppel in New York*, 44 *St. John's L.R.* 165, 166 (1969). In diversity cases, federal courts apply state law to determine the applicability of collateral estoppel to a given set of facts. *Ritchie v. Landau*, 475 F.2d 151 (2d Cir. 1973). In New York, in order for collateral estoppel to apply, "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and . . . there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Publ. Admin. of Co. of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (1969).

■ Long before the enactment of the No Fault statute, New York courts had held that collateral estoppel applies to issues decided in arbitration proceedings when the arbitration award has been entered as a judgment. *Springs Cotton Mills v. Buster Boy Suit Co.*, 275 App.Div. 196, 88 N.Y.S.2d 295, aff'd 300 N.Y. 586, 98 N.E.2d 877 (1949). Plaintiffs urge, however, that applying this general rule to No Fault arbitrations would discourage such arbitration and frustrate the legislature's intent to provide an expeditious, relatively informal proceeding. Yet, plaintiffs point to no evidence that the legislature intended to treat No Fault arbitrations differently than other arbitrations; indeed an examination of the legislative scheme supports the opposite conclusion.

There is very little judicial authority on whether, because of the special nature of the No Fault law, arbitrators' awards should not be given collateral estoppel effect in judicial proceedings. Although defendant cites *In re Gov't Employees Ins. Co. v. Kozlowski*, 62 A.D.2d 1056, 404 N.Y.S.2d 150 (1978), that case involved the issue of whether the decision of the arbitrator on a particular issue should be given collateral estoppel effect in a subsequent *arbitration* proceeding.

In *American Ins. Co. v. Messinger*, 43 N.Y.2d 184, 401 N.Y.S.2d 36, 371 N.E.2d 798 (1977), a case in which a personal injury suit followed a property damage arbitration, the arbitrator had disallowed a disclaimer of coverage by one of the insurers. The court ruled in the subsequent personal injury action that the insurance company could not relitigate its right to disclaim coverage. Although there are important distinctions from this case, *Messinger* suggests that collateral estoppel principles are applicable in the No Fault arbitration context.

■ More importantly, the No Fault statutory scheme suggests that an arbitrator's decision is generally to be given preclusive effect. Section 675 of the No Fault law provides claimants with the *option* of settling their disputes through arbitration. *Chapman v. American Motorists Ins. Co.*, 388 N.Y.S.2d 80, 81, 88 Misc.2d 115 (Sup.Ct. Rensselaer Cty. 1976). In the alternative claimants may bring a personal injury action. Under the plain meaning of the statute, however, once parties resort to arbitration, the decision of the arbitrator is binding except under narrowly defined circumstances.

Under section 675(2), an arbitrator's decision is binding except when vacated or modified by a master arbitrator. The master arbitrator has broad discretion in reviewing the arbitrator's decision and the decision of the master arbitrator is binding unless application to vacate or modify is made under section 7511 of the New York Civil Practice Law and Rules ("CPLR"). Grounds for vacating the award include prejudice to the parties caused by corruption, fraud, or partiality of the master arbitrator. CPLR § 7511(b)(1) (McKinney). The award may be modified if it was miscalculated, and under other limited circumstances. *See* CPLR § 7511(c). Section 675 also contains the following proviso: "Where the amount of such master arbitrator's award is five thousand dollars or greater, exclusive of interest and attorney's fees, the insurer or the claimant may institute an action in a court of competent jurisdiction to adjudicate the dispute de novo."

 

The fact that the legislature specifically enumerated the circumstances under which arbitrator's decisions are subject to review, suggests an intent to preclude review in other circumstances. The legislative history of the No Fault statute supports such a restrictive view. The No Fault legislation was intended to establish a system for disposing of the majority of claims quickly and fairly, without resort to the courts. *See* 1973 N.Y. Laws 2335. In adjudicating claims under the statute, courts have shown deference to this legislative goal. *See Montgomery v. Daniels*, 38 N.Y.2d 41, 64, 378 N.Y.S.2d 1, 23, 340 N.E.2d 444 (1975), *Pavone v. Aetna Casualty & Surety Co., et al.*, 91 Misc.2d 658, 398 N.Y.S.2d 630, 635 (Sup.Ct. Monroe Cty. 1977), *Musolino v. American Consumer Ins. Co.*, 381 N.Y.S.2d 321, 51 A.D.2d 1036 (2d Dept. 1976). To allow parties to raise issues already decided by an arbitrator would interfere with the binding nature of the arbitrator's decision and permit parties to do indirectly what section 675 prevents them from doing directly. It might also encourage the kind of forum "splitting" present in this case, thereby frustrating the No Fault goal of resolving cases quickly in a non-judicial setting. Finally, giving collateral estoppel effect to the decision of the arbitrator is not likely to serve as an additional disincentive to arbitration since the statute by itself indicates that the decision of the arbitrator is usually binding.

If the defendant asserts the collateral estoppel defense, he will have the burden of showing that the issue litigated in the arbitration proceeding is identical to the issue raised in this personal injury suit. *Schwartz v. Public Admin., supra*, 298 N.Y. S.2d at p. 962, 246 N.E.2d 725. In this case the opinion of the arbitrator was brief and the precise issue decided is not clear. However, when "the record leaves the matter in doubt, parol evidence not inconsistent with the award may be introduced to show what was litigated before the arbitrator and what was determined by his decision."

1. The fact that only Camel was a party to the arbitration does not deprive the other defendants of the right to invoke collateral estoppel.

*Rembrandt Industries v. Hodges Int'l Inc.*, 38 N.Y.2d 502, 504, 381 N.Y.S.2d 451, 453, 344 N.E.2d 383 (1976), citing *Aetna Casualty & Surety Co. v. American Surety Co. of N. Y.*, 64 F.2d 577, 581 (4th Cir. 1933).

It is not necessary at this time to decide whether defendant Benson can succeed with the affirmative defense of collateral estoppel. Evaluation of that defense will require closer exploration of the record of the arbitration proceeding and other relevant evidence. The question here is whether the proposed defense is clearly meritless, and on the facts before us, that does not appear to be the case. Leave to amend the pleadings is therefore granted. Defendants [1] are given twenty (20) days from the date hereof to file and serve new answers.

SO ORDERED.

See *B. R. DeWitt, Inc. v. Hall*, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195 (1967).