HESSEE INDUSTRIES, INC., a Michigan Corporation and Hessee Realty, Inc., a Michigan Corporation, Plaintiffs,

v.

CHEMICAL BANK, a New York Banking Corporation and Chemical Realty Corporation, a New York Corporation, Defendants.

**79 CIV 2001 (LBS).**

United States District Court, S. D. New York.

Feb. 24, 1981.

Tell, Cheser, Breitbart & Lefkowitz, New York City (Abraham D. Breitbart, New York City, of counsel), for plaintiffs.

John B. Wynne, New York City, Gen. Counsel (Adrienne Packer, New York City, of counsel), for defendants.

OPINION

SAND, District Judge.

This case is before the Court upon defendants' motion to dismiss on the ground that plaintiff Hessee Realty, Inc. is barred by collateral estoppel from asserting its claim in this action, and that plaintiff Hessee Industries, Inc. fails to state any facts upon which a claim for relief may be based. For the reasons set forth herein, defendants' motion is granted.

*Background*

Plaintiff Hessee Realty, Inc. ("Realty"), a wholly owned subsidiary of plaintiff Hessee Industries, Inc. ("Industries"), was a general partner in Village I Apartment Associates ("Village One"). Village One owned real property in Albany County, New York, which was encumbered by a building loan mortgage held by Security National Bank, the predecessor in interest of Chemical Bank and Chemical Realty Corp. (collectively "Chemical"). The mortgage was entered into in December, 1974. However, by September, 1975, Village One had failed to make monthly interest payments required by the agreement.

In February, 1977, Chemical brought an action to foreclose the mortgage in the Supreme Court of the State of New York, County of Albany, against Village One and Realty, as a general partner in Village One. Realty and Village One in their March, 1977 answer to Chemical's complaint, alleged as an affirmative defense that, in order to prevent Chemical from foreclosing and to obtain permanent financing, they had entered into an agreement with Chemical which provided for payment by Realty of $75,000 to Chemical, for adoption of a compromise plan for payment of past due interest, for payment by the limited partners of Village One of $74,129.98 to Chemical, and then for placement of the project on permanent financing. The answer further alleged that Realty paid and Chemical accepted the $75,000, that Realty submitted a

compromise plan to Chemical, and that by virtue of the payment and acceptance, Realty and Village One were not in default. Finally, the answer alleged that Chemical breached the alleged agreement by rejecting the proposed compromise and by commencing the foreclosure action.

On April 1, 1978, an application by Rowley and Forrest, P.C. to be relieved as counsel for Village One and Realty in the foreclosure action was granted. The order granting the application provided that no further proceedings against Realty or Village One in the foreclosure action be taken until thirty days after service upon Realty and Village One of a notice to appoint another attorney. A notice to appoint another attorney was subsequently served by mail upon Realty and Village One on April 12, 1978.[1]

On April 27, 1978, Village One filed a petition for a real property arrangement under Chapter XII of the Bankruptcy Act. This petition stayed the foreclosure proceedings.

On April 18, 1979, Realty and Industries commenced this action. The complaint, which was served on April 24, 1979, stated three causes of action based on an alleged "workout agreement" between Realty (as a general partner of Village One, on behalf of itself and Industries) and Chemical, to provide for modification and extension of a construction loan. The complaint alleged further that pursuant to this agreement, Realty caused Industries to pay a total of $75,000 to Chemical, that the limited partners of Village One agreed to pay an additional $75,000 upon the effectiveness of the workout, and that Chemical subsequently advised Realty that it would not enter into the workout arrangement and restructuring of the Village One mortgage. The first cause of action alleged that Chemical's failure and refusal to enter into a workout arrangement constituted a breach of the alleged workout agreement to plaintiffs' damage in the amount of $75,000. The

---

1. Although Realty initially contended that the notice was never served on Realty, it subsequently confirmed that the notice was received by Realty. *See* Affirmation of Robert H. Tell, dated November 21, 1980, at 2.

second cause of action alleged that Chemical, for the purpose of inducing plaintiffs to pay it $75,000, an amount which plaintiffs allege they were not otherwise obligated to pay because of the nonrecourse nature of the loan, represented and warranted to the plaintiffs that upon payment of the $75,000, a workout arrangement would be adopted; that the alleged representations and warranties were false and untrue and known to be false and untrue when made; that in reliance on the alleged representations, plaintiffs paid $75,000 to Chemical, and that Chemical was unjustly enriched and plaintiffs damaged in that amount.

The third cause of action alleged that the $75,000 paid to Chemical was to be held in escrow, governed by an escrow agreement which provided for application of the $75,000 to the Village One indebtedness only upon entry of a workout arrangement; that Chemical acknowledged that it was holding the $75,000 in an escrow account; that no workout arrangement was entered; and that Chemical failed and refused to return the $75,000 in breach of its fiduciary duties to plaintiff and in breach of the alleged escrow agreement to plaintiffs' damage in that amount.

On May 31, 1979, Chemical filed an answer to plaintiffs' complaint in this action, admitting receipt of the $75,000, and denying most of the other allegations in the complaint. The answer raised three affirmative defenses: (a) that the complaint failed to state facts sufficient to constitute a cause of action; (b) that the action should be barred as a result of the pending action in the New York State Court, in which Realty's affirmative defense related to the same essential and general factual allegations and a decision of which would have res judicata effect as to the issues raised in this action; and (c) that Realty, as a general partner in Village One, was obligated and liable to defendants for past due interest on the loan, and that therefore, Chemical's failure to return the $75,000 caused no damage to the plaintiffs.

On October 24, 1979, the Bankruptcy Court granted Chemical's motion to dismiss the real property arrangement proceedings on the ground that Chemical, the sole secured creditor, had rejected the plan proposed by Village One and thus had lifted the stay.

In November, 1979, after the stay was lifted, Chemical made a motion in the foreclosure action for an order striking the defenses contained in the answer filed by Realty and Village One. In support of this motion, Chemical submitted an affidavit which set forth the terms of the various mortgages, the alleged defaults on those mortgages, the negotiations between the parties with respect to a workout, the failure of the parties to reach an agreement to a compromise plan, and the application by Chemical of the $75,000 paid by Realty to reduce the past due interest owed by Village One. Realty and Village One did not respond to the motion, which was granted on November 23, 1979.

On July 24, 1980, Chemical filed this motion to dismiss on the ground that Realty is barred by collateral estoppel from asserting its claim in this action; that Industries failed to state any facts upon which a claim for relief may be based because Chemical had no dealings with Industries and Industries should direct its claim to Realty; and that if Industries has a claim against Chemical, that claim is also barred by collateral estoppel.

Plaintiffs oppose the motion on the ground that the issues raised in this action were not decided in the New York foreclosure proceedings. Plaintiffs argue that the foreclosure action resolved the question of Village One and Realty's default on the loan in spite of the $75,000 payment, but did not determine whether a workout agreement existed, or whether Chemical was entitled to retain the $75,000 and apply it to past due interest. Plaintiffs also contend that an issue of fact exists as to Industries' contacts with Chemical, and that, with respect to the cause of action for unjust enrichment, there is no requirement that contacts between Industries and Chemical be alleged. Finally, plaintiffs argue that to the extent Realty is collaterally

estopped by the state judgment, privity between Industries and Realty has not been sufficiently established to collaterally estop Industries, which was not a party to the New York action.[2]

*Collateral Estoppel*

■ It is undisputed that in this diversity action, New York law with respect to collateral estoppel governs. *Winters v. Lavine,* 574 F.2d 46, 54 (2d Cir. 1978); *Slavin v. Benson,* 493 F.Supp. 32, 34 (S.D.N.Y.1980). For collateral estoppel to apply in New York, "there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and . . . there must have been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Admin. of Co. of Bronx,* 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725 (Ct.App.1969). Plaintiffs do not deny that, under New York law, a default judgment is given collateral estoppel effect. *See Fairchild, Arabatzis & Smith v. Prometco (Produce & Metals) Co.,* 470 F.Supp. 610, 617 (S.D.N.Y.1979); Siegal, *Handbook on New York Practice* § 451 (1978 ed.). Although the New York Court of Appeals has questioned the applicability of the full and fair opportunity test when the same issue is raised in a subsequent proceeding between the same two parties, *see American Insurance Co. v. Messinger,* 43 N.Y.2d 184, 401 N.Y.S.2d 36, 39, 371 N.E.2d 798 (Ct.App. 1977), plaintiffs have not claimed a lack of full and fair opportunity to contest the foreclosure action. Rather, plaintiffs argue that the issues raised in their federal suit are not the same issues which were necessarily decided in the foreclosure action.

Thus, to decide plaintiff's motion, we must first determine what issues were necessarily decided in the foreclosure action, and then determine whether those issues are decisive in the present action, that is, whether the issues decided in the foreclosure action preclude any of plaintiffs' claims. Plaintiffs argue that the foreclosure action only decided that Village One was in default, in spite of the $75,000 payment. They assert that the existence of the workout agreement and Chemical's right to retain the $75,000 were not decided in the foreclosure action. We disagree.

■ In its defense to the foreclosure action, Realty alleged that Chemical's rejection of the proposed arrangement was a breach of an alleged workout agreement. Chemical, in its motion to strike the defense and for summary judgment, alleged that although various alternatives under which Chemical would have refrained from foreclosing were discussed, no agreement was reached and that Chemical subsequently properly applied the $75,000 paid by Realty to reduce the past due interest of $149,-129.98. When the New York court granted Chemical's motion, it necessarily rejected Realty's defense that Chemical had breached the alleged workout agreement by rejecting the proposed compromise and accepted Chemical's contention that there was no workout agreement and that it properly applied the $75,000 to past due interest.[3]

Plaintiffs' first cause of action, for breach of the alleged workout agreement is clearly precluded by the finding in the foreclosure action that there was no breach of a workout agreement. Plaintiffs' second cause of action is based on unjust enrichment resulting from allegedly false warranties and rep-

---

2. Plaintiffs initially argued that Chemical is estopped from relying on the foreclosure proceedings by its knowledge of and acquiescence in Realty's withdrawal from the Village One partnership, its withdrawal of itself and its attorneys from the foreclosure action, and by Realty's failure to continue in the foreclosure action in reliance on Chemical's alleged acquiescence. This contention has been nullified by plaintiff's acknowledgment that Chemical served a Notice to Appoint An Attorney on Realty shortly after Realty's attorneys were relieved as counsel to

Realty in the foreclosure action. To the extent plaintiffs continue to rely on this contention, we find it without merit. Realty did not withdraw from the foreclosure action and its withdrawal from Village One is irrelevant to a determination of the collateral estoppel effect of the foreclosure action.

3. Plaintiffs have not alleged that Chemical has received a double recovery by receiving full damages in the foreclosure action without deduction of the $75,000.

resentations. Plaintiffs contend that the $75,000, which Chemical possesses, in equity and good conscience belongs to another. But, as noted *supra*, the New York court necessarily decided that Chemical properly applied the $75,000 to past due interest.[4] Plaintiffs' third cause of action, for damages based on Chemical's alleged breach of fiduciary duty and of an alleged escrow agreement is also precluded by the finding in the foreclosure action that Chemical was entitled to apply the $75,000 to past due interest.

This result is not altered by the fact that Industries was not a party to the foreclosure action because we find that Industries has failed to allege facts upon which a claim for relief may be based, and that, to the extent Industries can assert its claims in this action, it is precluded by the collateral estoppel effect of the judgment in the foreclosure action.

■ The only allegation in the complaint with respect to Industries' contact with Chemical is that on two occasions "Hessee Realty caused Hessee Industries to pay to Chemical Realty ... the sum of Thirty-Seven Thousand Five Hundred ($37,500) Dollars." Complaint ¶¶ 8, 9. These two payments to Chemical in the form of checks drawn on Industries' account on behalf of Realty, Industries' wholly owned subsidiary, are insufficient to state a cause of action based on a separate contract between Industries and Chemical. On the contrary, the allegation that Realty caused Industries to make two payments to Chemical suggests that Industries' claim, if any, should be addressed to Realty, not to Chemical. Absent a contract or any other contact between Industries and Chemical, Industries cannot state a cause of action against Chemical for breach of contract or fiduciary duty, or for false representation.

With respect to the unjust enrichment claim, plaintiffs contend that there is no need to allege contacts between Industries and Chemical. Rather, plaintiffs argue, they need only show that Chemical was "unjustly enriched by receipt of Industries' money under such circumstances that they ought not to retain it." Plaintiffs' Memorandum at 11. However, a necessary predicate for this theory is that the money was not properly received by Chemical. As we stated, *supra*, Industries has not pleaded any facts which would establish its right, as against Chemical, to the $75,000 which the complaint alleges Realty caused Industries to pay. Therefore, *Schreibman v. Chase Manhattan Bank*, 15 A.D. 769, 224 N.Y.S.2d 977 (1st Dept. 1962), in which a bank improperly applied a deposit made by a broker, which the bank knew constituted the proceeds from the sale of the plaintiffs' stock by the broker, to a debt owed to the bank by the broker, is inapposite.

■ Additionally, the question of Chemical's right to retain the $75,000 was conclusively determined in the state foreclosure action. For the purposes of collateral estoppel, Industries is in privity with Realty, *i. e.* in "a mutually successive relationship of the same rights to the same property," *Gramatan Home Investors Corp. v. Lopez*, 89 Misc. 285, 414 N.Y.S.2d 308, 312 (Ct.App. 1979), and Industries is therefore equally estopped by the judgment in the New York foreclosure action with respect to Chemical's right to retain the $75,000, and with respect to the other issues determined in that action.[5]

For the reasons stated herein, Chemical's motion is granted and this action is dismissed.

SO ORDERED.

**4.** Moreover, to the extent plaintiffs' second cause of action is based on fraud, it fails to comply with Fed.R.Civ.P. 9(b) which requires that the circumstances constituting fraud be pleaded with particularity. *See Todd v. Oppenheimer*, 78 F.R.D. 415, 417–18 (S.D.N.Y.1978).

**5.** Plaintiffs' reliance on *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969) is misplaced in that *Hazeltine* involved an injunction and treble damages award against an unserved parent corporation, while this case involves the applicability of collateral estoppel to a parent corporation found to be in privity with its subsidiary under New York collateral estoppel law.