FRANCES J. ROGGIO, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

Third Department, January 24, 1985

### APPEARANCES OF COUNSEL

*Hesson, Ford, Sherwood & Whalen* (*Donald P. Ford, Jr.,* of counsel), for appellant.

*Solomon & Solomon, P. C.* (*Harold L. Solomon* and *Robert M. Cohen* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

When defendant notified plaintiff that all of her claims arising out of a February 3, 1981 motor vehicle accident were being denied as of October 22, 1981, plaintiff elected arbitration under subdivision 2 of section 675 of the Insurance Law. On March 18, 1982, a health service arbitration proceeding was held. The arbitration panel approved payment of an X-ray bill with interest, but found that the other services rendered from October 22, 1981 through the date of the arbitration were unnecessary. Plaintiff appealed to a master arbitrator who affirmed the award in its entirety.

On August 19, 1982, plaintiff filed a claim for additional medical bills incurred subsequent to October 22, 1981. The denial of this claim prompted plaintiff to petition to vacate the

award of the arbitrator. This petition was denied and a notice of appeal filed by plaintiff in regard thereto was later withdrawn by stipulation. Subsequently, plaintiff sought the professional services of a Dr. William Kite who submitted a bill on December 9, 1982. When defendant refused payment of this bill, plaintiff commenced this action based on a breach of the insurance contract. After issue was joined, defendant moved to compel no-fault arbitration or, in the alternative, for dismissal of the complaint upon the grounds of *res judicata* and/or collateral estoppel. Plaintiff cross-moved for summary judgment. Special Term denied both motions and defendant has appealed.

Initially, we find no merit in defendant's contention that plaintiff's action is barred due to *res judicata* and/or collateral estoppel. Dr. Kite examined plaintiff subsequent to the arbitration and found that she was experiencing "weakness in the right triceps and hypalgesia in C7 on the right and some reduction of the right triceps jerk". Since Dr. Kite's services were rendered subsequent to the arbitration award and were therefore not considered by the panel, plaintiff's claim for such services cannot be barred by the prior determination (see *Matter of Conforti & Eisele* [*William J. Scully, Inc.*], 98 AD2d 646, 647, mot for lv to app den 61 NY2d 606). Plaintiff did not have a full and fair opportunity to contest the denial of Dr. Kite's bill for a condition not identical to plaintiff's prior claim of orthopedic disability (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485).

Although we hold the claim not barred, we do not believe that plaintiff, who initially opted for arbitration under subdivision 2 of section 675 of the Insurance Law (see *Marangiello v Kamak,* 64 AD2d 624), can now resort to a plenary suit for its resolution. To allow plaintiff to now sue on the Kite claim, due to her disappointment with the manner in which her prior claims were handled in arbitration, would constitute a "flitting between forums" discouraged, if not condemned, in *Denihan v Denihan* (34 NY2d 307, 311). The Kite claim should be the subject of arbitration, which was the forum originally selected by plaintiff, for public policy would militate against permitting a party to change forums for every claim arising out of a single accident (see *Matter of Berent* [*County of Erie*], 86 AD2d 764, 766). Accordingly, defendant's motion to compel no-fault arbitration should have been granted and the complaint dismissed.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion to compel arbitration; motion granted and complaint dismissed; and as so modified, affirmed.