■ PROMENADE CONDOMINIUM, by its Board of Managers, Respondent, v J. J. & P. CORP. et al., Appellants. [662 NYS2d 509] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 13, 1996, which, upon plaintiff's motion for a preliminary injunction, enjoined defendants from: (1) operating a real estate brokerage office from defendants' unit; (2) soliciting or conducting business from the common areas of the condominium including, but not limited to the 6th floor common area; and (3) harassing residents of or prospective purchasers or tenants in the condominium, and which denied defendants' cross motion to dismiss the underlying complaint, unanimously affirmed, without costs.

Plaintiff's submission of an affidavit from a manager of the building showing that defendants conducted substantial business both from the apartment in question and in the common areas, coupled with defendants' letterhead indicating that the condominium is their principal place of business, is sufficient to establish plaintiff's likelihood of success on the merits at this juncture for purposes of granting a preliminary injunction (CPLR 6312 [a]). Plaintiff also demonstrated that it would suffer irreparable injury, in the form of lower quality of life for its residents and decreased property value, if defendants continued their business during the course of the litigation, and that the equities were in its favor (*see, Grant Co. v Srogi*, 52 NY2d 496, 517; CPLR 6301). Moreover, if defendants are not in violation of the lease and other relevant documents, the preliminary injunction should not burden them. Plaintiff's initial failure to file an undertaking was subsequently cured (*see, Olechna v Town of Smithtown*, 51 AD2d 1036). We note that the appropriate remedy is a speedy trial, before which plaintiff should comply with all discovery requests of defendant.

We have considered defendants' other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Nardelli, JJ.