20-1432-cv
*Ninety-Five Madison Co., L.P. v. Vitra Int'l AG*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty.

PRESENT:     AMALYA L. KEARSE,
             GERARD E. LYNCH,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.

_____

NINETY-FIVE MADISON COMPANY, L.P.,

     *Plaintiff-Appellant*,

    v.                                                              No. 20-1432

VITRA INTERNATIONAL AG,

     *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:          ROBERT LAPLACA, Verrill Dana LLP,
                                   Westport, CT.

FOR DEFENDANT-APPELLEE:           MARK S. OLINSKY, James M. Hirschhorn,
                                   Sills Cummis & Gross, P.C., Newark, NJ.

On appeal from a final judgment of the United States District Court for the Southern District of New York (George B. Daniels, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ninety-Five Madison Company, L.P. ("NFMC") appeals from the district court's final judgment entered on March 31, 2020, dismissing its complaint. We assume the parties' familiarity with the record.

On June 18, 2016, NFMC entered a commercial lease (the "Lease") with Vitra, Inc. ("Vitra"). Vitra's parent company, Swiss corporation Vitra International AG ("VIA"), signed a contractual guaranty (the "Guaranty") for Vitra's obligations to NFMC under the Lease, subject to the Lease's alteration, modification, or amendment. In 2017, Vitra sued NFMC in New York state court, alleging that NFMC had prevented Vitra from performing agreed-upon alterations. NFMC counterclaimed that Vitra breached the Lease by failing to commence alterations promptly. Pursuant to a stipulation of settlement (the "Settlement") entered in open court, NFMC approved Vitra's alteration plans, agreed to cooperate in procuring the necessary work permits, and promised to complete its contract work. The parties agreed to arbitrate "all disputes arising out of or relating to the interpretation and enforcement of this agreement and tenant's alterations" and "waive[d] any right to appeal," making arbitration "final and binding upon the parties." On April 20, 2018, Vitra commenced an arbitration. The arbitrator found that NFMC had not completed its contract work and had frustrated Vitra's attempts to commence alterations, thereby excusing Vitra's failure to perform under the Lease.

In the current litigation, NFMC alleges that VIA as guarantor is liable for Vitra's breach of the Lease, before and after the Settlement. The district court granted VIA's motion to dismiss for failure to state a claim, finding NFMC's claims barred by the Settlement and subsequent arbitral decisions. We exercise de novo review over a district court's dismissal of a complaint for

2

failure to state a claim. *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018). For substantially the reasons stated in the district court's memorandum decision and order dated March 30, 2020, we conclude that *res judicata* and collateral estoppel bar NFMC's claims.

We begin by noting the basis for our subject matter jurisdiction, which was not adequately pled in NFMC's initial complaint. In response to this Court's inquiry at oral argument, VIA moved for an order pursuant to 28 U.S.C. § 1653 directing NFMC to amend the jurisdictional allegations of its complaint to accurately allege diversity of citizenship between the parties. Section 1653 provides that defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. As we noted last year in *Van Buskirk v. United Group of Companies, Inc.*, 935 F.3d 49, 55 (2d Cir. 2019), "this statute has provided the basis for us to deem pleadings amended on appeal or grant leave to amend on appeal and remand for proceedings on the merits in the district court." We granted the unopposed motion and ordered NFMC to file an amended complaint with this Court. NFMC has since filed an amended complaint which adequately alleges complete diversity among the parties.[1] As these facts are uncontested and no record evidence undermines diversity, we "deem the pleadings amended so as to properly allege diversity jurisdiction" and turn to the merits. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).

"Under the doctrine of *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks, alterations and citations omitted). "Collateral estoppel

---

[1] In discussing the merits, we refer collectively to NFMC's initial and amended complaints as simply "the complaint."

bars relitigation of an issue that has already been fully and fairly litigated in a prior proceeding," and "applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011). It is settled law that "the findings of arbitration boards can serve as the basis for collateral estoppel in a federal court proceeding." *Benjamin v. Traffic Exec. Ass'n E. Railroads*, 869 F.2d 107, 110 (2d Cir. 1989).

The Settlement, which resolved NFMC's counterclaim that Vitra breached the Lease, precludes NFMC's first cause of action with respect to Vitra's pre-Settlement default. Under New York law, "a stipulation is generally binding on parties that have legal capacity to negotiate, do in fact freely negotiate their agreement and . . . enter the stipulation orally on the record in open court." *McCoy v. Feinman*, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 698 (2002). NFMC cannot relitigate in federal court the substance of its binding state-court resolution. *See Jacobson v. Fireman's Fund Ins. Co.*, 111 F.3d 261, 265 (2d Cir. 1997).

Similarly, the arbitrator's decisions bar NFMC's second cause of action with respect to post-Settlement default. NFMC agreed to arbitration proceedings, and the arbitrator found that NFMC was responsible for Vitra's delayed performance, thereby excusing Vitra's failure to perform under the Lease.[2] Collateral estoppel precludes a federal court from disturbing this

---

[2] NFMC challenges this conclusion as outside the four corners of the complaint, or, in the alternative, reading too much into the arbitrator's findings. But the complaint referenced the arbitration, wherein the arbitrator described the parties' dispute as "a classic case of a Claimant [Vitra] being excused from performing a condition of its contract because it was prevented from doing so by the other party to the contract [NFMC]." *See* Fed. R. Civ. P. 10(c) (permitting consideration of documents attached to the complaint as exhibits or incorporated by reference and material to the allegations).

4

binding adjudication. *See Benjamin*, 869 F.2d at 110. NFMC contends that its claims were not fully and fairly adjudicated due to the lack of discovery, testimonial witnesses, or appellate rights in arbitration proceedings. But New York law binds NFMC to its voluntary waiver of these rights. *See Clemens v. Apple*, 65 N.Y.2d 746, 748-49, 492 N.Y.S.2d 20, 20-21 (1985); *Am. Ins. Co. v. Messinger*, 43 N.Y.2d 184, 191, 401 N.Y.S.2d 36, 40 (1977).

NFMC claims that the Guaranty makes VIA liable for Vitra's obligations under the Lease, independent of the Settlement or subsequent arbitration. Yet the Guaranty limits VIA's obligations to those of Vitra "set forth in the Lease as the same may be altered, renewed, extended, modified, amended or assigned." While the Guaranty provides that VIA will not be legally or equitably discharged as guarantor by changes to the Lease or settlements between NFMC and Vitra, this provision simply maintains VIA's accountability for Vitra's contractual obligations under amendments and settlements affecting the terms of the Lease. Thus, the state-court resolution and arbitral adjudication that Vitra did not default under the Lease bar NFMC's claims in their entirety.

We have considered NFMC's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5